BARTHOLOMEW VAN VALKENBURGH, plaintiff in error, *v.*
LUCIEN PEYTON, defendant in error.

*Error to La Salle.*

A. leased to B. a farm for an advance rent, for a specified term, the lessee having
a right to go on the premises after the expiration of the term, to harvest and
take away his crops.   The lessee covenanted, among other things, not to
underlet the premises without the express permission of the lessor.   At the
end of the term, he surrendered the premises, having previously underlet
various portions to sundry persons, some paying a cash rent, others giving a
part of the crop as rent.   One of the sub-lessees raised a crop of oats, which
were stacked on the premises as the property of B.   During the following
spring, A. threshed out and sold the oats, and B. sued him in trespass, but a
judgment was rendered by the Court in favor of A.   *Held,* that the Court
erred in rendering judgment in favor of A., there being no condition in the
lease imposing a forfeiture on the lessee for a violation of its terms, and that
the remedy of A. was upon the covenants of his lease; and that the plaintiff,
having the right to enter upon the premises, and take away his crops after the
expiration of the term, could maintain trespass.

TRESPASS in the La Salle Circuit Court, brought by the
plaintiff in error against the defendant in error, and heard
before the Hon. Thomas Ford, at the May term 1842.   The
issue was found for the defendant in the Court below.

The facts of the case appear in the Opinion of the Court.

The case was submitted to the Court without argument.

*J. V. A. Hoes, O. Peters,* and *B. C. Cook,* for the plaintiff
in error.

*T. Campbell,* and *J. B. Thomas,* for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J. *   This was an action brought by Van Valken-
burgh against Peyton.   The declaration was in trespass for
taking and carrying away a stack of oats.   Plea, not guilty.
Trial by the Court.   The facts of the case are these:   In

---

* WILSON, C. J. and Justices YOUNG and KOERNER did not take part in the
decision of this cause.

April, 1838, Peyton leased a farm to Van Valkenburgh until the first of September following, for the rent of fifty dollars paid in hand. The lessee had the right to go on the premises after the expiration of the term, to harvest and take away his crops. The lessee covenanted to deliver up the premises in good repair, and not to permit "any other person to reside upon or occupy the said premises or houses" without the express permission of the lessor. The lessee took possession of the farm under the lease, and surrendered it to Peyton in September. He sub-let a portion of the premises to various persons, some paying a money rent, others a share of the crops, one of whom raised the oats in question. The oats were stacked on the farm in September, as the property of Van Valkenburgh, and remained there till the spring following, when they were threshed out and sold by Peyton. There were one hundred and three bushels, worth thirty five or forty cents per bushel.

On this evidence the Court rendered a judgment in favor of Peyton; that decision is here assigned for error.

As appears by the bill of exceptions, the Circuit Court held that Peyton became entitled to the oats left on the premises, because the lessee had violated his covenant not to sub-let the premises. This was erroneous. There is no condition in the lease, imposing a forfeiture on the lessee for a violation of its terms. If the lessee has violated the provisions of the lease, Peyton has a perfect remedy by sueing on the covenant. The evidence clearly shews that the grain was the property of the plaintiff in error, and the defendant, by appropriating it to his own use, has made himself liable for its value. The plaintiff having the right to enter on the premises, and take away his crops after the expiration of the term, can maintain trespass.

The judgment of the Circuit Court is reversed with costs, and judgment will be rendered here in favor of the plaintiff in error for forty dollars, the value of the property as shewn by the evidence.

*Judgment reversed.*