## CHESLEY *versus* WELCH & *als.*, *Appellants.*

If a tenant continues in possession after the expiration of his lease, the burden of proof is upon him to show the acquiescence of his landlord.

A tenant, holding under a lease for a definite time, may, by a delay of the lessor to enter after its termination, acquire the rights of a tenant at will.

But if the lessor shall enter immediately on the termination of the lease, the lessee can have no rights to the emblements, though he still remains on the premises.

ON EXCEPTIONS from the *District Court*, COLE, J., presiding.

TRESPASS *quare clausum*, originally commenced before a justice of the peace. On facts agreed. Plea the general issue.

It appeared that the defendants entered upon the grass land in possession of one Morse, under whom the plaintiff claims, and took and carried away the hay thereon. Morse had possession of the farm under a lease from Paul Adams, which lease, before the taking of the hay, had expired. Previously to the alleged trespass, Adams had notified Morse in writing to quit the premises. While Morse was in pos-

session, after his lease had expired, he let a portion of the grass standing thereon to the plaintiff, to be cut on shares. Part of it was cut by plaintiff under this agreement and left by him in the field. The defendants, as the agents and by the direction of said Adams, in the presence of two witnesses, peaceably entered upon the premises for the purpose of taking and holding possession of the same, but Morse did not give his consent to such entry. The defendants, after such entry, took and carried away the hay sued for, by the direction and as the servants of Adams.

If the Court, on this statement of facts, should decide that the action was maintainable, judgment was to be rendered for the amount fixed by the justice and legal costs, otherwise the plaintiff to become nonsuit and costs for defendants.

On this agreed statement, the presiding Judge was of opinion that the action was maintainable, and ordered judgment for the plaintiff. To which opinion the defendants excepted.

A copy of the lease and also of the notice to quit were to be put in with the facts, but were not furnished to the Court.

*R. A. L. Codman,* for the defendants, argued that, by the statement of facts, it appears that Morse had no legal right to sell the grass; the plaintiff therefore acquired no right by his purchase. His entry and cutting were a trespass.

Title, right of possession and actual possession, were in Adams, by whose directions and authority the defendants acted, at the time of the cutting of the grass, and the severance of the grass from the freehold, gave no more right or property in the grass to the plaintiff, than he would have acquired in timber or wood, if he had felled trees. *Davis* v. *Thompson,* 13 Maine, 209; *King* v. *Fowler,* 14 Pick. 238. In *Mayo* v. *Fletcher,* 14 Pick. 525, the Court say, " a mortgagee, having never entered, cannot maintain trespass *quare clausum fregit,* against a person entering and

occupying by permission of the mortgager before condition broken and holding over after breach." In the present case the condition had been broken and entry made by mortgagee, and he could have maintained trespass against the plaintiff; consequently he or his servants cannot be liable to the present action.

*J. J. Perry,* for plaintiff.

1. "Lessee for a year, holding over, becomes tenant at will." *Bennett* v. *Whipple,* 12 Maine, 346.

"In the case of a tenancy at will, the crops belong to the tenant." *Sherburne* v. *Jones,* 20 Maine, 70; *Bailey* v. *Fillebrown,* 9 Mass. 12. .

"Where a tenancy at will is determined by the lessor, the tenant is entitled to the emblements." *Davis* v. *Thompson,* 13 Maine, 209.

Morse, being tenant at will on the premises, had a right to the crops, and consequently a right to sell the grass growing on the same, and the plaintiff having rightfully bought the grass growing on the premises, and the same being converted into hay, there was such a severance from the freehold as to leave the hay sued for personal property in the hands of the plaintiff.

The sale of grass, from Morse to the plaintiff, carried with it the incidental right to enter upon the premises, cut the grass, and carry away the hay made from the same.

2. The entry made by the lessor cannot defeat the action.

1. Beause there is no statute provision by which a lessor can gain a possession by "entering in the presence of two witnesses," the statute remedy being by R. S., c. 128, an action of forcible entry and detainer.

2. An entry in the "presence of two witnesses," is a remedy secured solely to mortgagees, to gain possession of mortgaged premises, after condition broken.

3. To make a legal entry, by a mortgagee, in the "presence of two witnesses," it must be "peaceably" and "openly" made, and "not opposed." In this case, Morse, the tenant, did not consent to the entry, consequently, if it had been

made by a mortgagee it would be an unlawful entry. R. S., c. 125, § 3.

4. The grass, having been severed from the freehold, no longer attached to the soil, and the lessor could not in a legal entry reclaim the same as a part of the freehold.

SHEPLEY, C. J. — The lease of the farm from Paul Adams to Solomon B. Morse, and a written notice to quit from the former to the latter, were, by the agreed statement, to make a part of it. No copies of these documents have been furnished. Application has been made to the clerk of the county courts and to the present counsel of the parties for copies or dates of those papers without success; and the case, long pending, remains to be decided according to the light afforded.

It is agreed, that the lease to Morse had expired and that a written notice to quit had been given before the defendants entered for the landlord and took the hay claimed by the plaintiff through Morse.

Admitting the notice to quit to have been of no effect upon the rights of the parties, which is the most that can be alleged beneficially for the plaintiff, Morse would be left in possession of the farm after the expiration of a lease of it for a definite time, and without any evidence, that it had not expired shortly before that time.

When a tenancy is limited to a definite time, the landlord may enter immediately upon its termination. *Clapp* v. *Paine*, 18 Maine, 264; *Preble* v. *Hay*, 32 Maine, 456. He may, by delay to enter, allow the tenant to acquire the rights of a tenant at will, upon the presumption that he acquiesced in his continued possession; but the burden of proof of this is upon the plaintiff, and there is nothing in the agreed statement, as presented, authorizing such a conclusion.

*Plaintiff nonsuit.*

HOWARD, RICE, HATHAWAY and CUTTING, J. J., concurred.