UNION SAVINGS ASSOCIATION, Respondent, *v.* CARL DIEBOLD *et al.*, Respondents, and G. VAN WINKLE *et al.*, Appellants.

## February 28, 1876.

.Plaintiff sued as holder of an accepted bill of exchange, which was indorsed in the name of defendants D. & K. the payees, by their alleged agent. Defendants D. & K. denied the indorsement and the authority to make it, under oath. The agent's authority was not proved, but the indorsement was admitted in evidence against the other defendants, the acceptors. *Held*, erroneous; because plaintiff showed no title to the bill, which could only be made through a valid indorsement by D. & K.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Joseph T. Tatum*, for appellants, cited:   2 Wag. Stat. 1046, sec. 45; Carroll *v.* Corn, 1 Mo. 161; 2 Greenl. on Ev., secs. 155, 161, 162; Story on Bills, sec. 451; 2 Pars. ·on Notes & Bills, 119; Sone *v.* Palmer, 28 Mo. 539, last par. on 542; Story on Ag. (8th ed.), secs. 99, 78, and ·cases cited; Story on Ag., sec. 87; Beach *v.* Vandewater, 1 Sandf. (N. Y.) 265; Paley on Ag. 278; Sweeting *v.* Pearce, 9 C. B. (N. s.) 537; Graham *v.* United States Savings Assn., 46 Mo. 186; Filley *v.* Gilman, 2 N. Y. (Sup. Ct.) 339; Hunt *v.* Chapin, 6·Lans. (N. Y.) 139; Davidson *v.* .Stanley, 2 Man. & G. 721; Hawtayne *v.* Bourne, 7 M. & W. 595: Hoggus *v.* Snaith, 1 Taun. 347; Fenn *v.* Harri- ·son, 3 T.·R. 757; Chouteau *v.* Filley, 50 Mo. 174.

*Joseph Shippen*, for respondent, cited:   2 Greenl. on .Ev., sec. 65; Story on Ag., sec. 86.

GANTT, P. J., delivered the opinion of the court.

This suit was brought by the plaintiff, on a bill of exchange in the words and figures following:

"$1,000.                    *St. Louis, January 9, 1872.*

"Sixty days, pay to the order of Diebold & Kienzle one thousand dollars, value received, and charge the same to the account of Diebold & Kienzle.

                              "GEO. F. COCHNOWER.

"To G. Van Winkle & Co., Sherman, Texas."

Across the face of the draft was written the name of G. Van Winkle & Co., and on the back of it, "Diebold & Kienzle.        GEO. F. COCHNOWER, Agt. D. & K."

Suit was brought against the acceptors and indorsers, Diebold & Kienzle and Van Winkle & Co.

An answer, verified by affidavit, was filed in the name of "Charles Diebold, Jacob Kienzle, *et al.*" They deny that they indorsed the bill of exchange; allege that Cochnower was their salesman at St. Louis (Diebold & Kienzle resided at Cincinnati); deny that Cochnower had authority to sign their name as indorsers; deny presentment and demand, notice and protest; allege that Cochnower delivered the bill to plaintiff as collateral for a loan made to himself by plaintiff, and that he had no power to do this. A replication was filed.

At the trial, which was before the court sitting as a jury, there was judgment against the defendants Van Winkle & Slater, and judgment in favor of Diebold & Kienzle.

By the bill of exceptions it appears that the plaintiff offered in evidence the draft sued upon, and the court admitted it against the objection and exception of defendants. The incorporation of plaintiff proved.

Plaintiff examined H. Y. Shell, Adolph Gluck, Herman Kosmahl, M. Ravold. They wholly failed to show that Cochnower had authority to sign the name of Diebold & Kienzle to any note or bill, either as maker or indorser of

a note, or drawer or indorser of a bill. It is not important to detail their evidence.

. The plaintiff then gave evidence that the bill sued on was accepted for the price of a safe to be made for Van Winkle & Slater. The contract for this safe was signed by "Diebold & Kienzle, by Geo. F. Cochnower; Van Winkle & Slater."

James E. Love, cashier of plaintiff, testified that he knew Cochnower, and that he did business with plaintiff as agent for Diebold & Kienzle. The deposit tickets used by him were headed and signed as follows, respectively:

"Deposit Ticket Union Savings Association. Deposited by Geo. F. Cochnower, Agt. D. & K., currency, 50 dollars."

[Check.]

"No. 87.                    *St. Louis, January 10, 1872.*

"Union Savings Association pay to Joseph Nagle, or order, forty-six dollars.

"Geo. F. Cochnower, Agt. D. & K."

"All the business of Cochnower with us was done in that way." Witness recognized the bill sued on. "Cochnower, as agent for Diebold & Kienzle, used to make discounts with us. He called on us to discount this draft, and left it to be submitted. Called next day and asked about it; told him we were inquiring about it. Van Winkle was in the city at the time; showed it to him; he verified his signature. Cochnower called next day; told him we had not discounted it yet. He said he was short of money and must have $500. I said he could have it, and make his check therefor in the usual form. He was there twice or thrice afterwards, and actually checked for about $700. He stated he was going away."

On cross-examination he said: "The account of Cochnower was kept in the same name that the checks were signed. In the deposit-book and the books of original entries of plaintiff he was described as 'Geo. F. Cochnower, agt.' The letters D. & K. were not put in our

books.   *   *   *   Diebold & Kienzle never told me they
had given power to Cochnower to keep a bank account, but,
after Cochnower ran off, Kienzle asked me how much they
were in for. Received the acceptance January 9, 1872.
The last check was paid January 12, 1872. Refused all
others. When all the credits were given, after that last check
was paid, the balance to debit of Cochnower was $624.32.''

It would *seem* that the plaintiff did not credit the account
of Cochnower with this bill; but the point was not made
clear.

This was all the evidence on the part of the plaintiff;
and defendants asked the court to declare that plaintiff
could not recover. The court refused this instruction, and
defendants excepted.

Diebold & Kienzle's depositions were read, in which they
negatived, pointedly and positively, all authority to Coch-
nower except to sell safes and take contracts for making
them. He was expressly prohibited from keeping any
banking account, or transacting any banking business, in
their name. They never knew of this transaction until
after Cochnower ran away; never heard, till then, that he
kept a bank account. They never indorsed the bill sued
on, or authorized any one to indorse it.

This was all the evidence. The court gave judgment
against Van Winkle & Slater, but in favor of Diebold &
Kienzle. Van Winkle & Slater appealed.

1. We think the court erred. We do not see how the
judgment could have been in favor of the one, and against
the other, unless, indeed, Diebold & Kienzle were held to
have been discharged by the failure to protest the bill and
give notice to the indorsers. On this point the record is
wholly silent. Indeed, we nowhere find in the record the
bill sued on. The copy we have set out here is taken from
the statement of the counsel for appellants, and it does not
appear, by that copy, *when* the bill became due. Its matu-
rity, it is presumed, has some connection with "sixty days"

before or after some epoch.    But this is all we see, and no protest of the bill appears, which, as it is a foreign bill, seems necessary.

But, waiving that point, the plaintiff could only make title to the bill through Diebold & Kienzle.    They were the payees, and they never indorsed the bill.    In fact we are not told who it was that did sign their name on that instrument. We may conjecture that it was Cochnower, but *his* authority to do it is effectually negatived.    It was incumbent on plaintiff to establish such authority in him.    This it did not, apparently, seek to do, and Diebold & Kienzle proved that he had no such power.

2.  The instruction asked for at the close of the plaintiff's case should have been given.    Diebold & Kienzle had not signed their names, or permitted or authorized any one, expressly or impliedly, to sign their name, on that bill of exchange.    Without a transfer of title to the bill from them, plaintiff had no right whatever to it ; for it is undeniable that when the bill was drawn by Cochnower, in favor of Diebold & Kienzle, on Van Winkle & Slater, and accepted by these last, it was on the footing of a promissory note executed by Van Winkle & Slater in favor of Diebold & Kienzle.    In this condition it came into the hands of the plaintiff with a forged indorsement of Diebold & Kienzle. Obviously the plaintiff got no right of action, either against the acceptors or the indorsers ; not against the indorsers, for their signature was forged ; and not against the acceptors, for the bill was the property, not of the plaintiff, but the payees.    The Circuit Court did not apparently remark that, although Van Winkle & Slater were clearly liable to some one, they could only be liable to the lawful holder of this bill, and plaintiff was not the lawful holder of it.

3.  For this reason the court erred in admitting the bill without proof of its indorsement.    In this action it was evidence against nobody until the indorsement of Diebold & Kienzle was proved.    This had been denied, under oath,

by them; yet the court, apparently, admitted the paper, with its indorsements, without any evidence whatever. When the court finally gave judgment in favor of Diebold & Kienzle, but against Van Winkle & Slater, we should be disposed to conjecture that it did so because no steps appear to have been taken to charge the indorsers. But we are met by the difficulty of understanding how it was that the deduction of title of the plaintiff to the bill was made out. The record shows no evidence that this was done, or even attempted.

All the judges concurring, the judgment of the Circuit Court is reversed and the cause remanded.