## A. C. SANDERS v. J. C. ELLINGTON.

*Practice--Agreement of Parties--Landlord and Tenant--Right of Landlord to Ungathered Crop.*

1. When the parties to an action agree upon a matter of fact, they are bound by it, and it is not the duty of the Court to interfere; but when they agree upon a matter of law, they are not bound by it, and it is the duty of the Court to interfere, and if there be a mistake as to the law, to correct it.

2. A crop cultivated by a tenant and left standing in the field after the expiration of his term, becomes the property of the landlord. And this is so, whether or not the tenant has assigned the crop.

   (*Smithwick* v. *Ellison*, 2 Ire. 326, cited and approved.)

CIVIL ACTION, tried at January Special Term, 1877, of WAKE Superior Court, before *Schenck, J.*

This action was brought to recover the value of five bales of cotton raised upon the land of the defendant by one Pool. The plaintiff's claim was based upon a mortgage executed to him by Pool in February, 1872, conveying the crops raised upon the land for said year. The defendant's claim was based upon a verbal contract with Pool, under which Pool worked the land in 1870–'71–'72. The defendant introduced a witness who testified that in January, 1872, the defendant executed a paper writing or lien for the purpose of obtaining supplies in 1872, and that defendant directed the witness to furnish Pool some supplies and charge them to him, (defendant), and that Pool did accordingly get the supplies. Defendant's counsel then proposed to prove the contents of said paper writing to show that it gave a lien on the crop in question, but this was ruled out on objection by plaintiff; for that, the writing was not produced nor its loss accounted for.

It was in evidence that Pool left the State in December,

1872, without the knowledge or consent of the defendant, leaving cotton to the amount of five bales, ungathered, and that in February, 1873, the defendant gathered and sold it as his property. It was insisted that as Pool had abandoned his contract, the cotton became the property of defendant, and that he was not liable to the plaintiff even if Pool was a tenant. Upon the facts found by the jury the Court held that the defendant was liable. Judgment. Appeal by defendant.

*Messrs. Gray & Stamps, Battle & Mordecai* and *Busbee & Busbee,* for plaintiff.
*Messrs. D. G. Fowle* and *W. H. Pace,* for defendant.

PEARSON, C. J. When the parties to an action agree upon a matter of fact, they are bound by it, and it is not the duty of the Judge to interfere, for he is presumed to be ignorant of the facts. When the parties agree upon a matter of law, they are not bound by it, and it is the duty of the Judge to interfere and correct the mistake, if there be one, as to the law, for he is presumed to know the law, and it is his province to declare it.

In this case all of the facts were agreed on, except the facts relative to the question as to whether one Pool was a cropper of the defendant, or a lessee for one year. Upon these facts there was conflicting testimony. The jury find that Pool was a tenant of the defendant, and His Honor thereupon gave judgment that the plaintiff recover. In this there is error.

Suppose Pool was a tenant for one year, the defendant as owner of the land was entitled to the cotton standing in the field after the expiration of the term, and the plaintiff had no cause of action in regard to the cotton. This is a matter of law, which it was the duty of His Honor to decide, and the responsibility of deciding it cannot be shifted and put

upon the shoulders of the parties. This error was not caused by the admission of the parties set out in the statement of the case, that "if Pool was a tenant, the plaintiff was entitled to recover, and if Pool was a cropper, the defendant was entitled to the verdict."

A tenant for years may remove fixtures and anything put there by himself, provided he does so before his term expires; but after that, all of such things belong to the owner of the land, and the *quondam* tenant has no right to put his foot upon the land, except by the license of the owner. All of the cases agree that such is the law. See, among others, *Lyde* v. *Russell*, 20 E. C. L. 394. A tenant for years had fixed bells to the house, but did not take them away before his term expired; *Held*, that the bells belonged to the landlord, and that the *quondam* tenant could not recover them, although the landlord had severed them from the house.

See also *Smithwick* v. *Ellison*, 2 Ire. 326 : "A tenant for years may remove the manure accumulated during the term, provided he does so before the term expires, and takes care not to scrape too deep so as to take 'any part of the virgin soil;' but after the expiration of the term the manure belongs to the owner of the land." We were not referred to any case in reference to a crop left standing in the field, and we have not met with one in which the question is made; but it is manifest that if the landlord is entitled to fixtures, such as bells left attached after the term has expired, and that the *quondam* tenant has no cause of action in regard to them even after severance, it follows, *a fortiori* that the landlord is entitled to a crop left standing on the ground at the expiration of the term. He may either plough it under or gather it as he sees fit, and the *quondam* tenant has no cause of action in regard to it. The circumstance that Pool ran away without paying the rent does not affect the principle, and only makes the application of it the more forcible. The doctrine of emblements admits the general principle, and

17

was introduced as an exception to its application in favor of tenants whose estates are of uncertain duration. In such cases, to encourage tenants to sow by an assurance that they may gather, the law allows them the crop standing on the ground and the privilege of "ingress, egress and regress," as often as may be necessary to finish the cultivation of the growing crop and to gather and convey it away; for instance, if a tenant for life dies leaving a crop growing on the land, it does not become the property of the landlord, but the personal representative of the tenant for life is entitled to emblements ; that is, he is allowed to use the necessary means to avail himself of the growing crop as a part of the estate of the deceased tenant. So in case of a tenant at will ; if he determines the estate by his own act, the growing crop belongs to his landlord, but if the estate be determined by the act of the landlord, the tenant is entitled to emblements.   2 Bl. Com.   But a tenant for years is not entitled to emblement, for the termination of his estate is certain, and it is his folly to sow when he knows he cannot reap.   So a tenant from year to year is not entitled to emblements, for he cannot be forced to leave unless he has six months' notice before the end of the year, and that puts him on the footing of a tenant for years, and there is no occasion to interfere with the rights of the owner of the land under the general principle, by allowing him to come in on the doctrine of emblements.   If Pool had remained on the land after the expiration of his term, the defendant could have instantly entered ; and if he refused to give up the possession, he could have been evicted by summary process provided for under "the Landlord and Tenant Act," (Bat. Rev. ch. 64, §19, *et seq.*) and the landlord is entitled to the growing crops and any fixtures, manure and the like, then remaining on the land. Pool's having left the premises only saved the defendant the trouble of having him evicted under this summary proceeding.

Such being the law in regard to Pool, it follows that it equally applies to the plaintiff who claims under him. He stands in Pool's shoes and could have no greater rights than Pool would have had after the expiration of the term. Admitting that after Pool ran away, the plaintiff might as his assignee have gathered the crop, provided he did so during the term, yet after the expiration of the term, the crop as we have seen became the property of the defendant, and the plaintiff had no interest in it, and would have been liable as a trespasser had he entered for the purpose of picking the cotton.

All of the facts being agreed on except the facts necessary to determine whether Pool was a tenant or a cropper, and that being immaterial, the judgment is reversed for error, and there is judgment here that the defendant go without day and recover his costs.

PER CURIAM.                                   Judgment reversed.