JOSEPH F. MEFFERT, Appellant, v. IRVIN DYER,
et al., Respondents.

**Kansas City Court of Appeals, April 25, 1904.**

**LANDLORD AND TENANT: Ripened Crops: Ownership: Instruc-·
tions.** At the expiration of his term the matured crops on
leased land remain the property of the tenant and
his failure to remove the same within a reasonable time does·
not make it the property of the landlord; and certain instruc-
tions set out in the opinion are approved.

Appeal from Clay Circuit Court.—*Hon. J. W. Alex-·
ander,* Judge.

REVERSED AND REMANDED (*with directions*).

*James M. Sandusky, Ralph Hughes* and *Martin E..
Lawson* for appellant.

(1)   A tenant has a right of ingress and egress on·
the demised premises for a reasonable time after the
termination of his tenancy, to remove his property.
Smith v. Boyle, 92 N. W. (Neb.) 1018; Daniels v.
Brown, 69 Am. Dec. 505, 34 N. H. 454; Lewis v. Mc-
Natt, 4 Am. Dec. 96 (note), 65 N. C. 63.   (2)   By failing
to remove his property during his term, or within a rea-
sonable time thereafter, the tenant does not lose the·
ownership, or right to possession thereof.   Such rule·
only applies to fixtures.   Smith v. Boyle, 92 N. W.
(Neb.) 1018.   (3)   Matured ungathered corn is personal
property, especially between landlord and tenant, and
their assigns.   Garth v. Caldwell, 72 Mo. 622; Culver-
house v. Worts, 32 Mo. App. 419; 1 Washburne on Real
Property, sec. 5; Bank v. Beegle, 39 Am. St. 365, 52·
Kan. 709; Hecht v. Dettman, 41 Am. 131, 56 Iowa 679.

*R. E. Ward* and *Claude Hardwicke* for respondent.

(1) A tenant for an uncertain term, has a reasonable time after the expiration of his term, unless terminated by his own acts, to cultivate, harvest, and remove crops on the premises, or remove fixtures he attached to the premises; but such rule does not apply where the duration of the term is certain or the tenancy is terminated by his own acts. In such cases, he must remove his fixtures and harvest his crops before his term expires, unless he has an express license to the contrary; or they will be presumed to have been abandoned by him, regardless of any intention to the contrary; as his rights on the land cease with his tenancy. Gear on Landlord and Tenant, sec. 179, and cases cited; Sanders v. Ellington, 77 N. C. 255; Edwards v. Perkins, 7 Ore. 149; Emory v. Fugina, 68 Wis. 505; Chesley v. Wilsh, 37 Me. 106; Rielly v. Ringland, 39 Iowa 106; Harris v. Carson, 7 Leigh. 632; Debow v. Colfax, 10 N. J. L. 128; Kittridge v. Wood, 3 N. H. 503; Whitemarsh v. Cutline, 10 Johns. 360. (2) The tenant's vendee has no greater rights than the tenant had. Sanders v. Ellington, 77 N. C. 255. (3) The incoming tenant, whether owner or lessee, is entitled to all rights incident to possession, against either the landlord or the outgoing tenant; which would carry right to unharvested crops on the land, whether matured or not. Sanders v. Ellington, supra; Harris v. Carson, supra; Emory v. Fugina, supra; Martin v. Knapp, 57 Iowa 336; Miller v. Cheney, 88 Ind. 466; Dirks v. Brant, 56 Md. 500.

BROADDUS, J.—This is an action of replevin for corn grown on certain premises by one Brost under a lease which expired March 1, 1903. The plaintiff bought the corn after it had matured and while on the stalk standing in the field, and before the expiration of Brost's term under his lease. The defendant leased the

premises for a term to begin upon the expiration of Brost's lease. When his term began the plaintiff's corn was still ungathered. Defendant gathered a part of it in the latter part of March and hauled it away and put it in a crib, when the constable came with the writ and gathered the remainder. There was evidence tending to show that the weather and the condition of the ground was unsuited for gathering and removing the corn before defendant began gathering it. But the preponderance of the evidence was, that plaintiff was dilatory in his effort to remove the corn from the premises.

It was shown that the defendant did not claim to own the corn he gathered, but that he gathered it and hauled it to his cribs in order to get it out of his way so that he could farm the land; and that he only intended to charge the owner of the corn for his labor in gathering it and that he did not set up claim of ownership until after suit was brought. There was evidence that Roberts, the owner of the premises, informed defendant at the time he leased them to him that the corn belonged to the plaintiff.

The court sitting as a jury found for the defendant. The plaintiff asked the court to instruct the jury that under the law and evidence the finding should be for him, which the court refused but gave the following:

"The court declares the law to be that if David Roberts, at the time he rented to defendant the land on which the corn in controversy grew, informed defendant that there was corn on the stalk on said land belonging to plaintiff, and which plaintiff was to have an opportunity to remove, and the defendant rented the land with that understanding, then said corn did not become the defendant's property because not removed before the expiration of the lease for the preceding crop year."

"The court declares the law to be that if defendant took possession, as tenant, of the land on which the corn in controversy grew, knowing that the corn on the stalk

at the time he took possession was plaintiff's corn and the defendant removed and penned the corn in order to get it out of his way, but not intending to assert any claim of ownership to the corn, then said corn did not become the property of the defendant.''

No instructions were asked or given on the part of the defendant. As the two instructions given for plaintiff contained the law of the case, and as it was shown without a doubt that defendant leased the premises with the knowledge that Meffert was the owner of the corn in controversy, and that it did not go to him, defendant, under his lease, and that in fact he did not claim to be the owner until after this suit was brought, we are somewhat at a loss to know upon what theory the court based its finding.

The defendant, however, urges that under the law Brost's tenancy being for a certain time, the tenant or his assigns were required to move the crops before the expiration of the lease, citing Sanders v. Ellington, 77 N. C. 255; Edwards v. Perkins, 7 Ore. 149; Whitemarsh v. Cutline, 10 Johns. 360; Chesley v. Wilsh, 37 Me. 106. But the court in the giving of said instruction held to a different theory, and we think properly. There is no question but what grain or other crops raised upon leased property when matured or severed from the soil during the term of the tenant's lease become personal property.

It is true that plaintiff should have removed his corn from defendant's premises within a reasonable time. But we can not see that by reason of his failure to do so the title vested in defendant. It is true, defendant was under no obligations to care for the corn under the circumstances, but he had the right to remove it from the premises. The true rule governing the case is stated in Smith v. Boyle, 92 N. W. 1018, wherein it is held that the theory, ''that a tenant forfeits his property to the landlord by neglecting to remove it within a rea-

sonable time, is wholly untenable." And that, "it is fixtures only which the tenant forfeits or abandons by neglecting to remove them during the term of his lease, or while still in the possession of the premises." In Hecht v. Dettman, 56 Iowa 679, in speaking of grain which had matured and was ready for harvest, the court decided that, "it then possesses the character of personal chattels and is not to be regarded as a part of the realty." We can not conceive upon what theory plaintiff's failure to remove the corn vested any title to or in the defendant.

As there was no question under the evidence but what the corn belonged to plaintiff and that defendant having failed to justify his withholding its possession from plaintiff under any legal or equitable claim, the plaintiff's refused declaration of law should have been given and the finding and judgment should have been in his favor. As the plaintiff waives in his brief all claims for damages, and as he has possession of the corn under his writ, the cause is reversed and remanded with directions to enter a judgment for the plaintiff that he retain the corn, and for one cent damages and costs. All concur.