## CAMPBELL & DAVIS, a Co-partnership, Appellants v. LINUS MOLL, Respondent.

Springfield Court of Appeals, January 14, 1920.

1. **LANDLORD AND TENANT:** Instruction on New Tenant's Liability for Burning Retiring Tenant's Straw Held Erroneously Refused.

205 App.—4

In an action by parties who purchased straw from a former tenant against present tenant for its destruction by burning, where there was no evidence that the straw was of no value or that the owner had abandoned it, a requested instruction that, if the straw at the time of burning belonged to plaintiff, defendant had no right to intentionally burn the same, and if he did so, the verdict should be for the plaintiff for its reasonable value, *held* erroneously refused.

2. **Right of Retiring Tenant to Enter Bale, and Remove Straw.** A prior tenant who owned straw had the right to enter the land after surrendering possession to succeding tenant for the purpose of baling and removing it, and could sell it, particularly where it was a general custom in the community to permit the retiring tenant to bale and remove straw.

3. ————: **Knowledge of Entering Tenant of Ownership of Straw Left by Retiring Tenant and Rights Thereto.** Where defendant was not informed when he rented land that straw thereon belonged to retiring tenant, yet he knew it belonged to some one, and where the custom prevailed in the community for the retiring tenant to remove the straw, defendant was chargable in law with such knowledge and could not destroy it or convert it to his own use, since a retiring tenant's failure to remove his straw within a reasonable time would not vest the title thereto in succeeding tenant.

Appeal from New Madrid County Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED.

*M. G. Gresham* and *J. Val Baker* for appellants.

(1) When the court gave instruction No. 2, for the defendant, he correctly declared the law on the burning of the second stack of straw; but when he refused the plaintiffs instruction I or "A," he left the jury to guess and grope in the dark as to the other two stacks, in fact entirely misinstructed; refusing a proper instruction asked by the plaintiff. Pepper v. Railroad, 98 Mo. App. 291; Knapp v. Kelly, 153 Mo. App. 196; Blackwell v. Bailey, 1 Mo. App. 328; Meffert v. Dyer, 107 Mo. App. 462.

*Ralph E. Bailey* for respondent.

"Q. How is property acquired?" "A. By confiscation." ?

BRADLEY, J.—Plaintiffs, a copartnership, sued in a justice of the peace court to recover for three stacks of straw alleged to have been burned by defendant. The cause was appealed from the justice court to the circuit court, and there tried to a jury, resulting in a verdict and judgment for defendant, and plaintiffs appealed.

One Gus Smith in partnership with another cultivated the land on which the straw was grown, but it would appear that Smith dealt with the straw in question. Smith did not own the land, and did not live thereon, but had it rented and a tenant thereon, and had also crops other than the wheat from which this straw came. Defendant rented the land for the year following Smith's term. Smith testified that he turned over to defendant the wheat land for the purpose of plowing and sowing wheat between the 1st and 15th of July, 1916. That he left the straw just like it was, but that he told defendant that he had sold the straw, but that they had no agreement about letting it stay there on the land. That he sold the straw to plaintiffs between the 1st and 15th of August.

Defendant testified that Smith delivered possession of the wheat land to him on July 7th and told him on August 2nd that he had sold the straw and was going to bale it and that he, defendant, objected to any one going over his wheat land in order to bale the straw, and forbid Smith to bale it. That Smith did not inform defendant to when he had sold the straw, and that he did not know plaintiffs claimed it until they sued him. Defendant admitted that he burned two of the stacks, but claimed that one of the three stacks burned accidentally. His excuse for burning the straw was that one stack was in his way in plowing his wheat land, and the other was near his house, and was an old stack, having been thresh-

ed in 1915, and was a rat harbor, but the record is silent as to whether the rats had availed themselves of the haven provided.

Plaintiffs make two assignments of error. (1) That the court erred in refusing to give an instruction requested. (2) That the verdict is against the weight of the evidence.

The instruction requested by plaintiffs and by the court refused is as follows: ''The Court instructs the jury that if you believe and find from the weight of the evidence in this case that the straw in question in this law suit belonged at the time of the burning to plaintiffs then the defendant, Linus Moll, had no right to intentionally burn the same, and if you further find from the evidence that he, the defendant, Linus Moll, did intentionally burn or have the same burned or any part of it, then your verdict will be for the plaintiff in such sum as you may think the straw intentionally burned by defendant or his agents was reasonably worth, not to exceed the amount sued for.''

The court of its own motion gave this instruction: ''The court instructs the jury that if you find and believe that the straw in controversy, or any part thereof, was burned by defendant by accident and without negligence on his part or intention on his part to burn, same, then the defendant is not liable for any straw so burned.''

We think under the facts here the court erred in refusing to give the instruction requested by plaintiffs. If defendant had offered evidence tending to show that the straw was of no value, or that the owner had abandoned it then an instruction so worded as the one requested should be refused; but here there is no evidence tending to justify defendant in burning the straw. It is true he says that he did not know that plaintiffs claimed the straw till they sued him, but he knew that somebody owned it as Smith had told him that he had sold it, and was going to bale it, and defendant objected to it being baled on the ground that he did not want anyone passing over his wheat land. Defendant attempts to

justify the refusal of the instruction requested by plaintiffs on the ground that it submitted a question of fact which the evidence did not tend to prove. This question went to the ownership of the straw. Defendant contends that Smith did not own the straw, and could pass no title to plaintiffs. The law does not support defendant in this contention. Smith grew the straw. He testified that he was the owner, and that he sold it to plaintiffs. If we comprehend defendant's position with reference to the ownership of the straw, it is that the straw when the wheat was threshed became the property of the landlord; or that if Smith had any title that he abandoned and lost it by reason of delivering possession to defendant, and thereafter the straw became the property of the succeeding tenant or the landlord. That the tenant and landlord might make a contract that the straw would be the property of the landlord is not questioned; but there is no evidence here of any such contract. The evidence shows that Smith had been cultivating this land for some two or three years, but it does not appear whether he was cultivating it under a written or oral contract or what the terms of his rent contract were. It appears also in the record that it was the general custom in the community where this straw was grown that the retiring tenant was permitted to bale his straw notwithstanding some other tenant might be entitled to plow the land for sowing to wheat for the coming year. Independent of this custom, unless there was a contract to the contrary, tenant Smith owned the straw as much as he did the wheat, and had a right to enter upon the land after he had surrendered the possession to the succeeding tenant for the purpose of baling and removing the straw.

Defendant cites us to no authorities to support his contention that Smith was not the owner of the straw when he sold it to defendants. It is held in Meffert v. Dyer, 107 Mo. App. 462, 81 S. W. 643, that irrespective of the propriety of the rule that the tenant must move his crop within a reasonable time that his failure to do so will not vest the title of certain crops in the subsequent tenant who at the time the land is rented to him

is informed that the crops belong to his predecessor. It is true in the case at bar that defendant was not informed when he rented the land so far as the record shows that the straw belonged to Smith, but he knew it belonged to somebody, and if the custom prevailed in the community as the evidence shows, and is not challenged, then, in law, defendant knew that the retiring tenant was entitled as a matter of right to remove the straw from the land. And to hold that he could destroy or convert it to his own use merely because he was not told that it belonged to the retiring tenant would be unreasonably and contrary to the law. Defendant knew that he did not own the straw, and that it was valuable property. He admits that Smith told him before the straw was burned that he, Smith, had sold it.

In Florida Sawmill Company v. Parrish, 155 Ala. 462, 46 So. 461, it is held that the reasonable time which a tenant has for the removal of crops applies not only to emblements, but to crops or products which have been severed from the soil and are therefore deemed to have become the personal property of the tenant. It was held in Valkenburgh v. Peyton, 7 Ill. 44, 35 L. H. S. 708, that a tenant could maintain trespass against his landlord who in the spring had threshed and appropriated to his own use oats which the tenant upon the expiration of his lease in September had left stacked on the premises.

Opperman v. Littlejohn, 54 So. (Miss.) 77, 35 L. N. S. 707, was in replevin to recover four bales of cotton. On January 26, 1909, Opperman leased to Littlejohn for the year 1909, the land on which the cotton was grown and Littlejohn was to pay as rent seventy pounds of lint cotton per acre. In pursuance of this contract Littlejohn went to work on the plantation and cultivated it in 1909 and paid the rent. At the expiration of the lease on December 31, 1909, the cotton in controversy was mature and standing unpicked in the field. After the expiration of the lease, and in disregard of the landlord's notice to the contrary, Littlejohn proceeded to gather the remaining cotton which was the four bales, and placed it on the leased premises. The landlord refused

to permit Littlejohn, the tenant, to remove the cotton from the premises, taking it into his own possession, and claiming that the cotton belonged to him because it was not gathered at the date the lease expired. In disposing of this case the court hold that when land is leased for a year that the title to the crops grown on the land during that year subject to the landlord's lien is as much vested in the tenant as that of any other personal property which he may own, and that after the termination of the lease the tenant had a reasonable time to take his property away from the leased premises, and that this right was just as much true of cotton which at the expiration of the lease stood matured in the stalk, as it was of the tenant's household goods or other character of property. This same reasonable rule prevails in this State. [Meffert v. Dyer, supra; Brackwell v. Bailey, 1 Mo. App. 323.] Craig v. Dale, 37 Am. Decisions (Pa.) 477, is an ancient case, but similar to the facts here. In that case it was held that the straw is a constituent part of the way-going crop which is just as much a part of the annual product arising entirely from the labor of the tenant as the grain itself; and that the straw being of real value to the tenant he is entitled to the benefit derived from it as much as he is entitled to the benefit derived from the grain.

In 2 Taylor's Landlord and Tenant (9 Ed.), sec. 541, it is said: "Where a farm is let on shares for cultivation, and wheat is raised thereon by the tenant, the straw is part of the crop, and belongs to the owners thereof; unless there is some stipulation or custom to the contrary. It does not necessarily belong to the farm, nor is there any general usage requiring it to be used as manure upon the land where it grew." [Citing Criag v. Dale, supra, and Fobes v. Shattuck 22 Barb. (N. Y.) 568, and Rank v. Rank, 5 Pa. St. 211.]

From what we have said it is not necessary to discuss the second assignment. The judgment below is reversed, and the cause remanded. *Farrington, J.,* concurs.

STURGIS, P. J.—I concur except in the proposition that "if defendant had offered evidence tending to show

one stack of straw was worthless, but I think that issues that the straw was of no value'' then plaintiff's refused instruction should be refused.    There is evidence that is sufficiently covered by this instruction leaving it to defendant to ask a more specific instruction if he so desires.