## JACOB WILLIAMS v. W. EDWARD WALLACE.

(Filed 20 November 1963.)

**Trover and Conversion § 2—**

In an action in trover and conversion against lessor by a stranger to the lease, demurrer is properly allowed when it appears from the pleadings that under the terms of the lease the personalty attached to the realty should become the property of lessor upon the termination of the contract or lease and that the particularly described equipment alleged to have been converted was of such weight as to be *prima facie* attached to the realty and that the other personalty was not described with sufficient definiteness, since in no event could plaintiff have rights in the personalty superior to that of the lessee.

APPEAL by plaintiff from *Braswell, J.*, May 1963 Civil Session of JOHNSTON.

The complaint alleges these facts:

On April 22, 1960 the defendant leased to one J. Noah Williams a lot north of the city limits of Smithfield for a term of five years at a monthly rental. The lease (made a part of the complaint) required that defendant construct a building 48 x 40 feet on the lot and provided "that all of the equipment that the party of the second part (lessee) installs in the building and attaches to any portion of the building shall become the property of the party of the first part (lessor) upon the termination of this contract or lease." After the lease was executed, a corporation designated Smithfield Ham Plant, Inc. was organized and subsequently operated its business on the leased premises. Plaintiff is president of the corporation. At his own expense he installed the following articles of personalty, reasonably worth $20,349.73, in the building:

"(T)wo seven and one-half ton refrigerator compressors, one hot water heater system, one couch, one smoke maker and numerous other articles of personal property used in the operating of said business."

On July 15, 1962, fifteen days before the rent became due, defendant borrowed the keys to the building from J. Noah Williams, went into illegal possession, and has since refused to surrender possession of the premises to the plaintiff.

Plaintiff prays that he recover the sum of $20,349.73 from the defendant for the conversion of his equipment and fixtures. The defendant's demurrer to the complaint for failure to state a cause of action was sustained. Plaintiff then moved to amend the complaint by making J. Noah Williams a party plaintiff. This motion was denied but the

court offered plaintiff an opportunity "to file an amended complaint with reference to any causes of action against defendant W. Edward Wallace that the original complaint might have." Plaintiff declined to amend and appealed from the order sustaining the demurrer.

E. R. Temple for plaintiff appellant.
Wellons & Wellons for defendant appellee.

PER CURIAM. This is an action for the conversion of personal property alleged to belong solely to the plaintiff and not an action for the wrongful repossession of the leased premises. Therefore, Jacob Williams is the only necessary and proper party plaintiff.

Plaintiff is not an assignee of the lease contract between J. Noah Williams and the defendant. Had he installed the equipment in the building as assignee, he would then have stood in the shoes of the original lessee, J. Noah Williams, whose rights to remove equipment at the end of the term were defined by the lease. Sanders v. Ellington, 77 N.C. 255; Springs v. Refining Co., 205 N.C. 444, 171 S.E. 635. Nevertheless, any equipment plaintiff put into the building must have been put there pursuant to authority or license from J. Noah Williams. A fortiori, under the facts of this case, plaintiff can at no time have any greater rights with respect to the fixtures and equipment than would have been available to the lessee of the premises.

The lease specifically prohibits J. Noah Williams from removing any equipment which has been attached to any portion of the building. Prima facie, two seven and one-half ton refrigerator compressors, one hot water heater system, and one smoke maker would be attached to the building. The other items alleged to have been converted are not described in the complaint with that degree of certainty which is required in an action for conversion. ". . . (G)oods claimed to have been converted should be described with convenient certainty in order that the jury may know what is meant and in order that the defendant may be protected from another action based upon the same cause of action." Norman v. Rose Lake Lumber Co., 22 Idaho 711, 128 Pac. 85; 53 Am. Jur., Trover and Conversion, § 167.

"In an action of trover, the declaration, petition, or complaint must describe the property converted, otherwise it will be fatally defective." 65 C.J., Trover and Conversion, § 123; 89 C.J.S. § 97.

It may be that plaintiff has a cause of action against the defendant for the conversion of some personal property. If so, on a proper complaint, he may still have his day in court. The complaint in this case

does not set forth the plain and concise statement of facts envisaged by G.S. 1-122.2.

The judgment sustaining the demurrer is
Affirmed.