GARVIN v. CITY OF FAYETTEVILLE

[102 N.C. App. 121 (1991)]

———————————

LEE GARVIN AND PHIL TAYLOR D/B/A G & T INVESTMENTS, PLAINTIFF-APPELLANTS v. CITY OF FAYETTEVILLE, NORTH CAROLINA; CITY COUNCIL OF THE CITY OF FAYETTEVILLE; J. L. DAWKINS IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF FAYETTEVILLE; MILDRED EVANS, MILO McBRYDE, NAT ROBERTSON, JR., TOMMY BOLTON, IDA ROSS, JOSEPH L. PILLOW, THELBERT TORREY, SUZAN CHEEK, MARK KENDRICK, IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE FAYETTEVILLE CITY COUNCIL; JOHN SMITH IN HIS OFFICIAL CAPACITY AS CITY MANAGER OF FAYETTEVILLE; BEN WATSON, THORNTON W. ROSE, BETH FINCH, ALBERT E. RUMMANS, MONROE EVANS, THOMAS BRADFORD, IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE FAYETTEVILLE AIRPORT COMMISSION; AND TOM RAY, IN HIS OFFICIAL CAPACITY AS MANAGER OF THE FAYETTEVILLE MUNICIPAL AIRPORT, DEFENDANT-APPELLEES

No. 9012SC805

(Filed 5 March 1991)

**Conversion § 6 (NCI4th) — conversion of portable aircraft hangars — 12(b)(6) motion granted — error**

The trial court erred by granting defendants' motion for a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) of plaintiffs' action for conversion of portable aircraft hangars where plaintiffs alleged that defendants converted the plaintiffs' two portable aircraft hangars to their own use, alleged that their contract with Flight Unlimited, Inc. provided that plaintiffs would retain ownership of the hangars if the lease was terminated, and the lease was terminated pursuant to a bankruptcy clause in the agreement. Plaintiffs' recovery depends considerably on whether the hangars were in fact trade fixtures and thus personalty, or became improvements affixed to the realty, and that question is yet to be resolved. Nothing in the complaint discloses an insurmountable bar to plaintiff's right to recover.

GARVIN v. CITY OF FAYETTEVILLE

[102 N.C. App. 121 (1991)]

**Am Jur 2d, Fixtures §§ 35, 36, 39, 40; Landlord and Tenant § 929.**

APPEAL by plaintiff from *Barnette (Henry V.), Judge*. Order entered 22 May 1990 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 13 February 1991.

This is a civil proceeding wherein plaintiffs seek to recover certain property allegedly belonging to the plaintiffs and converted by the defendants for their own use.

The critical allegations in plaintiffs' complaint are summarized as follows: the plaintiffs were the owners of two portable aircraft hangars. The plaintiffs entered into a lease agreement with Flight Unlimited, Inc. to lease the hangars for use at the defendants' Fayetteville Municipal Airport. Flight Unlimited, Inc. was also involved in a lease with defendants to conduct a fixed base operation at the defendants' Fayetteville Municipal Airport. Flight Unlimited, Inc. defaulted on the lease with the plaintiffs and pursuant to that lease, plaintiffs were entitled to recover their two portable aircraft hangars.

Flight Unlimited, Inc. also defaulted on the lease with the defendants. Upon default, defendants took control of the hangars. Plaintiffs allege an unlawful annexation and conversion of the personal property for defendants' own use. On or about May 19, 1987 the defendants, plaintiffs allege, wrongfully annexed the hangars to their realty. Plaintiffs demanded return of the personal property and defendants refused.

Plaintiffs appeal from an order allowing defendants' 12(b)(6) motion dismissing plaintiffs' complaint for failure to state a claim upon which relief could be granted.

*Barrington, Herndon & Raisig, P.A., by Carl A. Barrington, Jr., and Paul J. Raisig, Jr., for plaintiff, appellants.*

*Reid, Lewis, Deese & Nance, by Marland C. Reid, for defendant, appellee.*

*City of Fayetteville, by Robert C. Cogswell, Jr., for defendant, appellee.*

GARVIN v. CITY OF FAYETTEVILLE

[102 N.C. App. 121 (1991)]

HEDRICK, Chief Judge.

We consider only whether the trial court erred in allowing defendants' 12(b)(6) motion dismissing plaintiffs' complaint pursuant to N.C.R. Civ. P. 12(b)(6).

Defendants cite and rely on *Williams v. Wallace*, 260 N.C. 537, 133 S.E.2d 178 (1963), wherein the Supreme Court affirmed the trial court's order allowing defendant's demurrer on the grounds that the allegations in plaintiff's complaint were insufficient to state a *good cause of action* (emphasis added) against the defendant. The cited case and the case now before us, while similar with respect to the facts and substantive law, are procedurally distinguishable, and the cited case affords no support for defendants' contention that the trial court did not err in dismissing plaintiffs' complaint for failure to state a claim upon which relief could be granted pursuant to G.S. 1A-1 12(b)(6). For a comparison of a demurrer under the former practice with the present Rule 12(b)(6), *see Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970).

A claim should not be dismissed for failure to state a claim upon which relief could be granted unless it appears that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *F.D.I.C. v. Loft Apartments*, 39 N.C. App. 473, 250 S.E.2d 693, *disc. review denied*, 297 N.C. 176, 254 S.E.2d 39 (1979). A complaint should not be dismissed for failure to state a claim upon which relief could be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *O'Neill v. Bank*, 40 N.C. App. 227, 252 S.E.2d 231 (1979). A claim should be dismissed under Rule 12(b)(6) where it appears that plaintiff is entitled to no relief under any statement of facts which could be proven; this will occur when there is a want of law to support a claim of the sort made, an absence of facts sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim. *Orange County v. Department of Transportation*, 46 N.C. App. 350, 265 S.E.2d 890, *disc. review denied*, 301 N.C. 94 (1980).

Our Supreme Court defined conversion as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights. *Spinks v. Taylor and Richardson v. Taylor Co.*, 303 N.C. 256, 278 S.E.2d 501 (1981). The owner of personalty may maintain an action to recover posses-

sion of the property against anyone who is in wrongful possession of it. *Mica Industries v. Penland*, 249 N.C. 602, 107 S.E.2d 120 (1959).

In the present case, plaintiffs have alleged that the defendants converted the plaintiffs' two Port-a-Port portable aircraft hangars to their own use. Plaintiffs have alleged that their contract with Flight Unlimited, Inc. provided that the plaintiffs would retain ownership of the hangars if the lease was terminated. The lease here was terminated pursuant to an *ipso facto* bankruptcy clause in the agreement.

Whether the plaintiffs can recover against the defendants depends considerably on whether the hangars were in fact "trade fixtures" and thus personalty, or became improvements affixed to the realty. That question is yet to be resolved. Nothing in plaintiffs' complaint discloses an insurmountable bar to their right to recover. Thus, we hold the trial court erred in dismissing plaintiffs' complaint for failure to state a claim upon which relief could be granted, and the order appealed from will be reversed and the cause remanded to the Superior Court for further proceedings.

Reversed and remanded.

Judges COZORT and LEWIS concur.