Ordoñez Cordero v. Ordoñez Cordero, 2026 NCBC 20.

STATE OF NORTH CAROLINA

DURHAM COUNTY

JOSE MARIA ORDOÑEZ
CORDERO,

Plaintiff,

v.

MILTON GEOVANNI ORDOÑEZ
CORDERO,

Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV013640-310

**ORDER AND OPINION ON
DEFENDANT'S MOTION TO DISMISS**

1.     This matter is before the Court on Defendant's putative Rule 12(b)(6) motion to dismiss filed contemporaneously with Defendant's answer and counterclaims in a filing captioned as "Defendant's Motion to Dismiss, Answer, and Counterclaims," (ECF No. 10 at 1), and the parties' case management report, (ECF No. 14, ¶ 2(b)).

2.     Having considered the motion and applicable law and rules, the Court hereby **DENIES** the motion.

*Brooks Pierce McLendon, Humphrey & Leonard, LLP by Jennifer K. Van Zant, Agustin Martinez, and Vanessa Canuto for Plaintiff Jose Maria Ordonez Cordero.*

*Miller Monroe Holton & Plyer, PLLC by Jason A. Miller and Robert Blackwell Rader for Defendant Milton Geovanni Ordonez Cordero.*

Houston, Judge.

3.     On 23 January 2026, Defendant filed "Defendant's Motion to Dismiss, Answer, and Counterclaims." (ECF No. 10). The document is a single, consolidated document, and Defendant's "motion" is perfunctory and one paragraph long, listed

under a heading at the beginning of the first page of the document and reads as follows:

> Under North Carolina Rule of Civil Procedure 12(b)(6), Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. A claim should be dismissed under Rule 12(b)(6) when there is a want of law to support a claim of the sort made, an absence of facts sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim. *E.g., Garvin v. Fayetteville*, 102 N.C. App. 121, 123 (1991) (citing *Orange County v. North Carolina Dep't of Transportation*, 46 N.C. App. 350, 379 (1980)).

(ECF No. 10 at 1).

4. In the parties' case management report filed on 2 March 2026, Defendant asserted that "Defendant has filed a Motion to Dismiss Plaintiff's Complaint pursuant to North Carolina Rule of Civil Procedure 12(b)(6)," listing it among the "[i]nitial motions" for the Court's consideration. (ECF No. 14, ¶ 2(b)).

5. Defendant's "motion" was not filed as a standalone or "separate" document, and Defendant failed to file a separate brief addressing the motion.

6. Under Rule 7.2 of the Business Court Rules, a Rule 12(b)(6) motion to dismiss (i) "must be set out in a separate document" and (ii) "must be accompanied by a brief." (ii) BCR 7.2; *see also* BCR 7.10.

7. A purported motion that fails to comply with these requirements—such as one included perfunctorily at the beginning of a defendant's answer—may be disregarded, struck from the record, or summarily denied in the Court's discretion. BCR 7.1 ("The Court has discretion to disregard or strike a filing that does not comply with these rules."); BCR 7.2 ("The Court has discretion to deny the motion summarily if a required brief is not filed."); *e.g., Erwin v. Myers Park Ctry. Club, Inc.*, 2021 N.C.

Super. LEXIS 8 (N.C. Super. Ct. Apr. 29, 2021) (denying a motion to dismiss for failure to file the motion as a separate document, failure to file an accompanying brief, and failure otherwise to comply with BCR 7.2); *Action Learning Assocs., LLC v. Kenan-Flagler Bus. Sch. Exec. Educ. LLC*, 2025 NCBC LEXIS 127 (N.C. Super. Ct. Sept. 29, 2025) (summarily denying a motion to amend for failure to comply with BCR 7.2); *Lineage Logistics., LLC v. Primus Builders.*, 2023 NCBC LEXIS 147 (N.C. Super. Ct. Nov. 27, 2023) (summarily denying a motion to strike for failure to comply with BCR 7.2).

8.     Here, Defendant's Rule 12(b)(6) motion fails to comply with BCR 7.2, both because it is not a separate or standalone document and because it lacks an accompanying brief. BCR 7.2.

9.     Thus, in its discretion, the Court summarily **DENIES** the motion.[1]

     **SO ORDERED**, this 10th day of March 2026.

/s/ Matthew T. Houston

Matthew T. Houston
Special Superior Court Judge
 for Complex Business Cases

---

[1] Though the Court may, and often does, "disregard" a noncompliant filing, *see* BCR 7.1, given the notation in the case management report regarding Defendant's Rule 12(b)(6) filing, the Court determines in its discretion that it is appropriate in this particular case to promptly address the filing at an early stage to avoid future confusion among the parties.